UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cv-0329 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| The Estate of Edward Adam Worley; Adam Edward Worley; Hennepin County, Minnesota; State of Minnesota; North Memorial Health; Adam Worley; Michelle Peterson; and Huntington Bank, | |
| Defendants. | |

This matter is before the Court on the Plaintiff United States of America's motion for default judgment against Defendant Huntington Bank. (Dkt. 58.) The United States also has entered a joint stipulation for entry of judgment as to the remaining Defendants. (Dkt. 63.) For the reasons addressed below, the motion for default judgment and the stipulation for entry of judgment are granted.

## BACKGROUND

The United States commenced this action on February 2, 2022, and filed the now-operative second amended complaint on April 18, 2022. The United States seeks to reduce to a judgment federal income tax assessments made against Defendant Estate of Edward Adam Worley (Estate) for tax years 2006, 2007, and 2008, and to obtain a judgment enforcing tax liens against real property located on Kingsview Lane North in

Plymouth, Minnesota (Kingsview Lane Property).[1]   The United States also seeks a judgment against Defendants State of Minnesota, Hennepin County, North Memorial Health, and Huntington Bank pursuant to 26 U.S.C. § 7403, because these entities might claim an interest in proceeds arising from the sale of the Kingsview Lane Property.

The United States served the summons and second amended complaint on Huntington Bank on April 19, 2022.  Huntington Bank had 21 days, until May 10, 2022, to answer or otherwise respond to the complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i), (b). That deadline passed without any response to the complaint.  The United States subsequently applied for an entry of default against Huntington Bank, which the Clerk of Court entered on June 2, 2022.  On June 28, 2022, the United States filed the pending motion for default judgment, seeking a declaration that any interest Huntington Bank might have held in the Kingsview Lane Property is extinguished.

On July 22, 2022, the United States filed a stipulation for entry of judgment (Stipulation) signed by all defendants other than Huntington Bank (hereinafter, Non-Defaulting Defendants).  As to Count I of the second amended complaint, the Stipulation seeks a judgment against the Estate, by and through its Special Administrators, in the amount of $199,166.26, plus interest and other statutory additions accruing after July 22, 2022.  As to Count II of the second amended complaint, the Stipulation seeks entry of an *in rem* judgment against all Non-Defaulting Defendants providing that the United States has valid and subsisting federal tax liens that attached to the Kingsview Lane Property

---

[1]     Adam Worley and Michelle Peterson also are named as Defendants, both individually and in their capacities as Special Administrators of the Estate (Special Administrators).

and that those tax liens take priority over Non-Defaulting Defendants' claims to any proceeds from a sale of the Kingsview Lane Property.

## ANALYSIS

### I.      Motion for Default Judgment

The United States first moves for default judgment against Huntington Bank as to Count II of the second amended complaint.

To obtain a default judgment, a party must follow a two-step process.  The party seeking a default judgment first must obtain an entry of default from the Clerk of Court. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Here, the United States sought an entry of default, which the Clerk of Court entered against Huntington Bank on June 2, 2022.  The entry of default is supported by the record, which reflects that Huntington Bank was properly served with the summons and second amended complaint and failed to answer or otherwise respond.

After the default has been entered, the party seeking affirmative relief "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Upon default, the factual allegations in the complaint are deemed admitted except those relating to the amount of damages.  Fed. R. Civ. P. 8(b)(6); *accord Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).  However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere

conclusions of law." *Murray*, 595 F.3d at 871 (internal quotation marks omitted); *accord Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).

The Internal Revenue Code provides that all persons claiming an interest in property involved in an action to enforce tax liens must be made parties to the action, and if "a claim or interest of the United States therein is established, [the court] may decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403(b), (c). "A defendant's failure to assert an interest where a foreclosure complaint alleges that a defendant may have an interest in such foreclosure property, justifies a judgment extinguishing that interest." *United States v. Jackson*, No. 1:12cv1075 (LMB/IDD), 2013 WL 6989404, at *6 (E.D. Va. Aug. 5, 2013) (citing *United States v. Rogers*, 461 U.S. 677, 693 (1983)), *report and recommendation adopted*, 2013 WL 6073515 (E.D. Va. Nov. 18, 2013); *accord United States v. Ness*, No. 17-1243 (JRT/LIB), 2018 WL 2095607, at *1 (D. Minn. May 7, 2018) (granting default judgment against defendants under Section 7403 "because they have not asserted any interest in the property" subject to tax liens).

Here, the second amended complaint alleges that Huntington Bank might claim an interest in the Kingsview Lane Property because Huntington Bank acquired TCF Bank, which was a party to a mortgage agreement pertaining to the Kingsview Lane Property. The second amended complaint also alleges that the United States has valid and subsisting liens on the Kingsview Lane Property. Pursuant to Section 7403(b), the United States named Huntington Bank as a defendant to provide it the opportunity to

4

assert any interest or claim it might have against the Kingsview Lane Property. By failing to respond to the second amended complaint, Huntington Bank has admitted the validity and enforceability of the United States's federal tax liens, *see* Fed. R. Civ. P. 8(b)(6); *Murray*, 595 F.3d at 871, and has failed to assert an interest in the Kingsview Lane Property.

Accordingly, the Court grants the United States's motion for default judgment against Huntington Bank as to Count II of the second amended complaint.

## II.     Stipulation for Entry of Judgment

The remaining defendants have stipulated to the entry of judgment against them, and in favor of the United States, as to Count I and Count II of the second amended complaint.

The settlement of a lawsuit ordinarily is solely within the province of the parties and need not be approved by a district court. *See Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). "[F]ederal courts have neither the authority nor the resources to review and approve the settlement of every case brought in the federal court system." *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995). In cases implicating important public interests, however, district courts have a role in approving settlements. *See, e.g.*, *EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172– 74 (8th Cir. 2012); *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018–21 (8th Cir. 2002). This case implicates an important public interest—namely, enforcing federal tax laws.

A district court's authority to enter a stipulated judgment originates from the consent of the parties. *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 522 (1986). "Although the law favors settlements, federal courts in adopting consent [judgments] are not mere 'recorders of contracts from whom parties can purchase injunctions.'" *Angela R. by Hesselbein v. Clinton*, 999 F.2d 320, 324 (8th Cir. 1993) (quoting *Local No. 93*, 478 U.S. at 525) (alteration omitted). When deciding whether to approve a consent judgment, a district court considers whether the proposed judgment is substantively and procedurally fair, reasonable, and consistent with the governing law. *BP Amoco*, 277 F.3d at 1018–20.

The record reflects that the United States and Non-Defaulting Defendants each are represented by experienced counsel. The Estate and the Special Administrators to the Estate, through their counsel, have stipulated to the material facts relevant to Count I of the second amended complaint—namely, that the Estate is liable to the United States for $199,166.26 in federal tax liability, plus interest and other statutory additions. And Non-Defaulting Defendants, through their counsel, have stipulated to the material facts relevant to Count II of the second amended complaint—namely, that any valid tax liens attached to the Kingsview Lane Property take priority over Non-Defaulting Defendants' claims to any proceeds from a sale of the Kingsview Lane Property. The requested judgment against Non-Defaulting Defendants is consistent with the governing law, which provides that all persons claiming an interest in property involved in an action to enforce tax liens must be made parties to the action, and if "a claim or interest of the United States therein is established, [the court] may decree a sale of such property . . . and a

distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."  26 U.S.C. § 7403(b), (c).  As such, the Stipulation is substantively and procedurally fair, reasonable, and consistent with the governing law.  *See BP Amoco*, 277 F.3d at 1018–20.

For these reasons, the Court grants to proposed entry of judgment pursuant to the parties' Stipulation.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED:**

1.     Plaintiff United States of America's motion for default judgment as to Defendant Huntington Bank, (Dkt. 58), is **GRANTED** and, therefore, the Court **DECLARES**, pursuant to 26 U.S.C. § 7403, that Huntington Bank has no interest in or claim to the property located at 616 Kingsview Lane North, Plymouth, Minnesota 55447 (Kingsview Lane Property) or any proceeds from a sale thereof.

2.     The Court **GRANTS** the joint stipulation between the United States and Defendants Estate of Edward Adam Worley (Estate); Michelle Peterson and Adam Worley, individually and as Special Administrators of the Estate (Special Administrators); Hennepin County; North Memorial Health; and State of Minnesota (collectively, Non-Defaulting Defendants), (Dkt. 63), as provided herein.

3.     As to Count I of the second amended complaint, judgment is entered against the Estate, by and through its Special Administrators, and in favor of the United

States, in the amount of $199,166.26, plus interest and other statutory additions accruing from July 22, 2022, until the judgment is fully paid.

    4.      As to Count II of the second amended complaint, an *in rem* judgment is entered against Non-Defaulting Defendants, and in favor of the United States, as follows:

    A.  Pursuant to 26 U.S.C. §§ 6321 and 6322, the United States has valid and subsisting federal tax liens that attached to all property and rights to property of the Estate, including the Kingsview Lane Property, as of the dates of the federal tax assessments against Edward Adam Worley for tax years 2006, 2007, and 2008, and these federal tax liens are enforced against the Kingsview Lane Property.

    B.  Pursuant to 26 U.S.C. §§ 7402 and 7403, the Special Administrators shall have eight months to consummate a private sale of the Kingsview Lane Property under the following terms and conditions:

        i.  The Special Administrators shall have six months from the date of this Order to enter into one or more contract(s) of sale of the Kingsview Lane Property with a closing date no later than two months thereafter.

       ii.  Before the Kingsview Lane Property can be listed for a private sale and sold, the United States must approve the listing price of the Kingsview Lane Property in writing.

      iii.  Until such time as the Kingsview Lane Property is sold, the Special Administrators shall take all reasonable steps to preserve

the Kingsview Lane Property (including the buildings, improvements, fixtures, and appurtenances on the property) in its current condition.  If any portion of the Kingsview Lane Property is destroyed before its sale and the Special Administrators are entitled to any insurance proceeds, then the insurance proceeds shall be paid into the registry of this Court.

iv. The Special Administrators shall provide monthly updates to counsel for the United States on the progress of the sale of the Kingsview Lane Property, including any offers, showings, and open house events.

v. The Special Administrators shall provide the United States and Non-Defaulting Defendants with the contact information of any title company retained in the execution of the sale of the Kingsview Lane Property within 48 hours of retaining the title company.

vi. The Special Administrators shall provide a copy of this Order to any title company and closing agent retained in execution of the private sale of the Kingsview Lane Property.

vii. At least ten days before any closing, the Special Administrators must notify counsel for the United States of the date and location of the closing.

viii. No buyer may use funds or assets belonging to Edward Adam Worley or the Estate to purchase the Kingsview Lane Property. Violation of this paragraph shall be deemed a contempt of the Court and punishable as such.

ix. The Special Administrators shall be responsible for arranging for the issuance of deed transferring title of the Kingsview Lane Property to the buyer(s).

x. The title company shall collect and distribute the proceeds of any sale of the Kingsview Lane Property as follows:

a. First, to Hennepin County for any current real property taxes, along with any penalties and interest that are entitled to priority under 26 U.S.C. § 6323(b)(6). Hennepin County shall provide a payoff figure for any outstanding real estate taxes due within three business days of the closing date to the Special Administrators and the title company.

b. Second, to the United States for Edward Adam Worley's unpaid federal income tax liabilities for tax years 2006, 2007, and 2008 in the amount of $199,166.26, plus interest and other statutory additions accruing from July 22, 2022, until the date of closing. The United States shall provide an updated payoff figure for the federal tax liens

relating to Edward Adam Worley's income tax liabilities for tax years 2006, 2007, and 2008 within three business days of any closing date to the Special Administrators and the title company.

c. Third, to the State of Minnesota for Edward Adam Worley's unpaid state income taxes in the amount of $44,217.50 plus interest and other statutory additions permitted under law. The State of Minnesota shall provide a payoff figure for the outstanding state income tax liabilities of Edward Adam Worley within three business days of any closing date to the Special Administrators and the title company.

d. Fourth, to North Memorial Health for payment of Edward Adam Worley's debt for health care services. North Memorial Health shall provide a payoff figure for the outstanding debt within three business days of any closing date to the Special Administrators and the title company.

e. Fifth, to the Estate any remaining amounts pursuant to applicable state law.

C. If the Special Administrators have consummated a private sale of the Kingsview Lane Property within eight months from the date of this Order, and the United States is paid in accordance with this Order,

within 30 days thereafter the Internal Revenue Service shall issue a certificate discharging the Kingsview Lane Property from the federal tax liens relating to Edward Adam Worley's 2006, 2007, and 2008 federal income tax liabilities.

D. If the Special Administrators have *not* consummated a private sale of the Kingsview Lane Property within eight months from the date of this Order, and the parties have not agreed in writing to an alternative arrangement, then the United States may sell the Kingsview Lane Property publicly subject to a further order of this Court.  At that time, the United States shall have 90 days to submit either a proposed order of public sale or a status report explaining why the Kingsview Lane Property should not be sold immediately.

E. All parties will bear their own costs and expenses in connection with this proceeding, including any attorneys' fees.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  October 4, 2022                                     s/Wilhelmina M. Wright
                                                            Wilhelmina M. Wright
                                                            United States District Judge